TRANSWORLD FINANCIAL
SERVICES CORPORATION,
Petitioner,

v.

J. Hugh BRISCOE et ux, Respondents.

No. C–5138.

Supreme Court of Texas.

Jan. 7, 1987.

Paul T. Curl, (Martin, Shannon & Drought, Inc.), San Antonio, for petitioner.

Eric G. Olsen, (Fulbright & Jaworski), Austin, for respondents.

HILL, Chief Justice.

J. Hugh and Jacqueline Briscoe filed a bill of review to set aside a default judgment rendered against them in favor of Transworld Financial Services Corporation. The trial court dismissed the cause because the Briscoes' petition failed to allege extrinsic fraud on the part of Transworld. The court of appeals reversed that judgment, holding that the Briscoes were entitled to a bill of review because they alleged that their attorney's fraudulent conduct deprived them of an opportunity to present meritorious defenses. 705 S.W.2d 288. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Alexander v. Hagedorn*, 148 Tex. 565, 569, 226 S.W.2d 996, 998 (1950). Thus, a bill

of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Hagedorn*, 148 Tex. at 568–69, 226 S.W.2d at 998.

We have held that an allegation of attorney negligence is not a sufficient ground to support a bill of review. *Gracey v. West*, 422 S.W.2d 913 (Tex.1968). The Briscoes maintain, however, that they should not be bound by a judgment that was allegedly rendered as a result of their attorney's fraudulent and wrongful acts. They point out that several pre-*Hagedorn* decisions provided equitable relief to parties who had suffered adverse judgments because of their counsels' fraudulent or wrongful actions. *See Elstun v. Scanlan*, 202 S.W. 762 (Tex.Civ.App.—San Antonio 1918, no writ); *Connell v. Nickey*, 167 S.W. 313 (Tex.Civ.App.—Amarillo 1914, writ ref'd); *Watson v. Texas & P. Ry.*, 73 S.W. 830 (Tex.Civ.App.1903, no writ). They further rely on the court of appeals' decision in *Pierce v. Terra Mar Consultants, Inc.*, 566 S.W.2d 49 (Tex.Civ.App.—Texarkana 1978, no writ).

In *Terra Mar*, the court of appeals held that an allegation of attorney fraud obviated the necessity of pleading and proving the wrongful act of the opposing party. *Id.* at 54. The court characterized the three-part *Hagedorn* test as a "narrow statement" of the rule, not intended to apply to all bill of review cases. *Id.* The Briscoes urge us to adopt the *Terra Mar* court's reasoning and hold that the second element of the *Hagedorn* test is satisfied when a party alleges that he suffers an adverse judgment because of his attorney's fraud or wrongful act.

We decline to so hold. In *Hagedorn*, the respondent claimed that he was entitled to a bill of review because he suffered a default judgment as the result of his reliance on misinformation provided him by the clerk of the court. This court held that the trial court should not have granted Hagedorn's bill of review because he failed to prove his own lack of negligence and be-

cause he had "not shown that he was prevented from making his defense to the Alexanders' suit by *their* fraud or wrongful act." *Hagedorn*, 148 Tex. at 574, 226 S.W.2d at 1001. (emphasis supplied). The court noted that only extrinsic, as opposed to intrinsic, fraud would enable a party to attack a final judgment on bill of review. *Id.* Extrinsic fraud, the court explained "is a wrongful act committed 'by the other party to the suit. . . .' " *Id.* (quoting *State v. Wright*, 56 S.W.2d 950, 952 (Tex.Civ.App. —Austin 1933, no writ)).

■ We recognize that a bill of review petitioner may be relieved of the necessity of proving extrinsic fraud on the part of his opponent when the petitioner can demonstrate that the judgment resulted from his reliance on a court officer who improperly executes his official duties. *Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex.1964). However, "officers of the court" in this context does not include the litigants' attorneys.

We hold that a bill of review petitioner who alleges that he suffered an adverse judgment because of the fraudulent or wrongful acts of his attorney is not excused from the necessity of pleading and proving extrinsic fraud on the part of his opponent.

Accordingly, we reverse the judgment of the court of appeals and affirm that of the trial court.