NUMBER 13-00-050-CV 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



IN RE: SARA GARCIA AND IN THE INTEREST 

OF ERICA ROCHELLE PEREZ, A MINOR CHILD 

___________________________________________________________________ 



On appeal from the County Court at Law No. Two 

of Hidalgo County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez and Rodriguez 



Opinion by Justice Chavez 



This is a petition for writ of mandamus seeking to overturn a trial court's order for
blood testing to determine parentage in a child support case. Because we hold that the
order of the trial court was barred by the doctrine of collateral estoppel, we
conditionally grant the writ. 

On June 22, 1989, Erica Rochelle Perez was born to petitioner Sara Garcia. On February
15, 1991, Hidalgo County Court at Law Number 2 entered a decree of legitimation, finding
that Xavier Perez had executed a Statement of Paternity for Erica Rochelle Perez and
decreeing that Xavier Perez is the father of the child. Sara Garcia was named sole
managing conservator of the child, and Xavier Perez was ordered to pay child support. 

On February 16, 1999, Sara Garcia filed a petition asking for an increase in Xavier
Perez's child support obligation. Xavier responded with a general denial and requested
parentage testing pursuant to section 160 of the Texas Family Code. On September 30, 1999,
the trial court ordered Sara Garcia, Xavier Perez, and the child to submit to scientific
parentage testing to ascertain the probability of Xavier Perez being the child's father.
On January 20, 2000 Sara Garcia filed a petition for writ of mandamus seeking relief from
this order. 

The doctrine of collateral estoppel prevents a party from relitigating an issue that it
previously litigated and lost. Johnson & Higgins of Tex., Inc. v. Kenneco Energy,
Inc., 962 S.W.2d 507, 521 (Tex. 1998). Collateral estoppel generally applies when the
issue was fully and fairly litigated in the previous action and was essential to the
judgment in the previous action. Id. Under some circumstances, a party may set
aside a judgment that is no longer appealable or subject to a motion for new trial through
the equitable procedure known as a bill of review. Transworld Fin. Servs. Corp. v.
Briscoe, 722 S.W.2d 407 (Tex. 1987). A bill of review petitioner ordinarily must
plead and prove: (1) a meritorious claim or defense; (2) that he was prevented from making
by the fraud, accident or wrongful act of his opponent; (3) unmixed with any fault or
negligence of his own. Id. at 408. 

The issue of whether Xavier Perez is the father of Erica Rochelle Perez was fully and
fairly litigated in 1991, and the issue was essential to the judgment rendered in at that
time. Although Xavier makes various equitable arguments for why, in his view, it would be
better that scientific parentage testing proceed, he has neither pleaded nor proven the
grounds required for a bill of review. Therefore the doctrine of collateral estoppel bars
relitigation of whether Xavier Perez is the father of Erica Rochelle Perez. 

We conditionally grant a writ of mandamus directing the trial court to vacate its
September 30, 1999 order for parentage testing. However, the writ will not issue unless
the trial court fails to comply with this opinion. 

MELCHOR CHAVEZ 

Justice 



Do not publish. 

TEX. R. APP. P. 47.3. 



Opinion delivered and filed this 

the 31st day of March, 2000.