James Marlowe v. Members Credit Union















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-168-CV

     JAMES A. MARLOWE,
                                                                         Appellant
     v.

     MEMBERS CREDIT UNION,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # C200100365
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Members Credit Union loaned Andrew Landerous $23,891.82. The note on the loan was
secured by two automobiles, a 1971 Chevrolet Chevelle and a 1997 Pontiac Trans Am. When
Members sought to exercise its lien and take possession of the two automobiles after Landerous
defaulted on the note, it discovered that the Chevelle was in the possession of James A. Marlowe,
who refused to hand over the vehicle which he had purchased from Landerous. Marlowe claimed
that, when he purchased the Chevelle, he was ignorant of Members’s lien. Members sued
Marlowe and Landerous and subsequently took a no-answer default judgment against both
defendants.
      Marlowe filed a “Motion to Set Aside Default Judgment” claiming that his failure to appear
at the default-judgment hearing was an “accident and mistake” and not the result of “intentional
or conscious indifference.” At a hearing in May 2001, the court approved an agreement between
Members and Marlowe that he would return the automobile to Members and pay it $5,000, after
which Members would release him from the default judgment. Marlowe testified at the hearing
and stated his acceptance of the agreement, which was never committed to writing. The court
approved the agreement as a Rule 11 agreement, and the docket sheet recites it as one. Tex. R.
Civ. P. 11. Subsequently, Marlowe complied with the agreement.
      But in September 2001, he filed a “Petition for Bill of Review” claiming that: 
      •    He had a defense of being a purchaser in good faith of the Chevelle.
 
      •    He had been prevented from making this defense because Members committed fraud by
asserting to the trial court that he had not filed an answer. 
 
      •    The default judgment was not the result of any fault or negligence by him. 
 
      •    His due process rights were violated. He said that he was not, but should have been,
served with citation concerning Members’s first amended petition (filed the day of the
hearing on the default judgment and on which the default judgment was based) which was
more onerous than the original petition, which had requested only foreclosure on and
possession of the two vehicles. The amended petition, however, alleged a conspiracy
between Landerous and Marlowe and requested damages from Marlowe in the amount
of $7,000 plus attorney’s fees. In addition, he complained that he was not served with
notice of the default-judgment hearing.

      Members filed a “no evidence” motion for summary judgment in January 2002, asserting that
there was no evidence: (a) of a meritorious defense; (b) of extrinsic fraud or wrongful conduct;
(c) that Marlowe was without fault or negligence; or (d) that Marlowe was not served with notice
of the default-judgment hearing. Members also raised the defenses that Marlowe entered into an
agreement at the May 2001 hearing which agreement resolved the matter, and he had an adequate
remedy at law at that time which he did not pursue. The trial court granted the motion, stating
on the record that, even though Marlowe had timely filed an answer, by entering into the
agreement during the May 2001 hearing, Marlowe could not later complain of the default
judgment.
      Marlowe complains on appeal that he should have prevailed in the summary judgment
proceeding because:
      1.   His due process rights were violated when (a) the default judgment was taken even
though he had filed an answer, (b) the default judgment was based on an amended
petition for which he had not been served with process, and (c) he was not notified of the
hearing on the default judgment.
 
      2.   There is a question of fact about whether he had a meritorious defense.
 
      3.   There is a question of fact about whether he was prevented from asserting his defense by
the fraud, accident, or wrongful act of Members or by an official mistake by the court
reporter.
 
      4.   There is a question of fact about whether there was a want of fault or negligence by him.
 
      5.   A violation of his due process rights relieves him of proving bill of review elements.
 
      6.   There is a question of fact about whether he had exercised due diligence in availing
himself of all adequate legal remedies.
 
      7.   There is a question of fact about whether he was served with notice of the default
judgment hearing.
 
      8.   The summary judgment should not have been granted on the basis of “waiver.”
 
      9.   The summary judgment should not have been granted based on the agreement at the
default-judgment hearing.       

      We will affirm the summary judgment.
Standard of Review
      A party filing a motion for summary judgment must prove by summary-judgment evidence
that “there is no genuine issue as to any material fact and the moving party is entitled to judgment
as a matter of law on the issues expressly set out in the motion.” Tex. R. Civ. P. 166a(c); e.g.,
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Delta Air Lines, Inc.
v. Norris, 949 S.W.2d 422, 425 (Tex. App.—Waco 1997, writ denied). When we review for
whether a disputed material fact issue exists, we must accept as true all evidence favorable to the
non-movant. Nixon, 690 S.W.2d at 548-49; Delta Air Lines, 949 S.W.2d at 425. In addition, we
must resolve all doubts and indulge every reasonable inference in favor of the non-movant. Nixon,
690 S.W.2d at 549; Delta Air Lines, 949 S.W.2d at 425. When necessary to establish a fact issue,
the non-movant must present summary-judgment evidence. Westland Oil Dev. Corp. v. Gulf Oil
Corp., 637 S.W.2d 903, 907 (Tex. 1982); Ethridge v. Hamilton County Elec. Coop. Ass’n, 995
S.W.2d 292, 295 (Tex. App.—Waco 1999, no pet.). A summary judgment is reviewed de novo. 
E.g., Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. filed).
Grounds for a Bill of Review
      A bill of review is brought as a new lawsuit and is based on principles of equity; it challenges
the validity of a prior judgment that can no longer be directly attacked by other avenues. Caldwell
v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998); Tice v. City of Pasadena, 767 S.W.2d 700, 702
(Tex. 1989); Transworld Financial Services v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987). The
grounds of the remedy are narrow because of the fundamental policy in favor of the finality of
judgments. Transworld Financial, 722 S.W.2d at 408. The petitioner must have exercised due
diligence to avail himself of all adequate legal remedies (e.g., a motion for new trial) before filing
a bill of review. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999); Caldwell, 975
S.W.2d at 537. In addition to this requirement, the petitioner must plead and prove: (1) a
meritorious defense to the cause of action underlying the judgment complained of, (2) that, without
any fault or negligence of his own, (3) he was prevented from making due to the fraud, accident,
or wrongful act of the opponent. Caldwell, 975 S.W.2d at 537 (citing Transworld Financial, 722
S.W.2d at 408); Beck v. Beck, 771 S.W.2d 141, 141 (Tex. 1989); Tex. R. Civ. P. 329b(f). But
if the petitioner was not served with process or was wrongfully not given notice of a trial or
hearing, then (a) his constitutional due process rights were violated, (b) he need not show elements
one and three, and (c) his want of fault or negligence is established. Peralta v. Heights Med. Ctr.,
Inc., 485 U.S. 80, 86, 108 S.Ct. 896, 899-900, 99 L.Ed.2d 75 (1988) (no service); Caldwell, 975
S.W.2d at 537 (no service); see Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (motion for
new trial based on no notice). In a bill of review proceeding, the petitioner must meet the four-year statutory period of limitations. Tex. Civ. Prac. & Rem. Code Ann. §16.051 (Vernon
1997); Caldwell, 975 S.W.2d at 538.
Analysis
      Members filed a motion for summary judgment that contained both no-evidence and traditional
grounds. We need not consider the no-evidence grounds, because the grounds set out in the
traditional part of the motion, supported by summary judgment evidence, are dispositive. A
defendant who conclusively negates at least one of the essential elements of a cause of action is
entitled to a summary judgment as to that cause of action. Randall's Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each
element of an affirmative defense is entitled to summary judgment. Id.
      The summary judgment evidence conclusively shows that Marlowe cannot pass the threshold
test for a bill of review: that he has exercised due diligence to avail himself of all adequate legal
remedies before filing the bill of review. Wembley Inv., 11 S.W.3d at 927; Caldwell, 975 S.W.2d
at 537. Regardless of whether Marlowe was properly served with process or provided notice of
any hearing, he entered into a Rule 11 agreement to resolve the underlying lawsuit. The
agreement was recited into the record at the May 2001 hearing on Marlowe’s “Motion to Set
Aside Default Judgment.” The agreement meets the requirements of Rule 11:
Unless otherwise provided in these rules, no agreement between attorneys or parties touching
any suit pending will be enforced unless it be in writing, signed and filed with the papers as
part of the record, or unless it be made in open court and entered of record.

Tex. R. Civ. P. 11 (emphasis added). Having filed a post-judgment motion, participated in a
hearing on the motion, and entered into a Rule 11 agreement, if thereafter Marlowe wished to
complain about due process or about the Rule 11 agreement, he was required to raise the
complaint at that time by additional motion in the trial court or by direct appeal. He cannot fail
to pursue one or more of those legal remedies and instead wait until later to bring a bill of review. 
That is not the purpose of a bill of review.
Conclusion
      The summary judgment evidence establishes that there is no genuine issue as to Marlowe’s
failure to exercise due diligence to pursue his legal remedies, and therefore Members is entitled
to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 548. 
Accordingly, the trial court correctly granted summary judgment. We do not reach Marlowe’s
other issues.
      We affirm the summary judgment.
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 11, 2003
[CV06]