IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00151-CV

 

Gary Mack McDaniel,

                                                                      Appellant

 v.

 

Glenda S. Clark,

                                                                      Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court # 41,231

 



MEMORANDUM 
Opinion



 








Appellant
has filed a motion to dismiss this appeal “for lack of jurisdiction.”  See Tex.
R. App. P. 42.1(a)(1).  Appellant certifies that Appellee has no
objection to a dismissal.  Accordingly,
the appeal is dismissed.

                                                          PER
CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion issued and filed July
 28, 2004

[CV06] 






n>
 
      7.   There is a question of fact about whether he was served with notice of the default
judgment hearing.
 
      8.   The summary judgment should not have been granted on the basis of “waiver.”
 
      9.   The summary judgment should not have been granted based on the agreement at the
default-judgment hearing.       

      We will affirm the summary judgment.
Standard of Review
      A party filing a motion for summary judgment must prove by summary-judgment evidence
that “there is no genuine issue as to any material fact and the moving party is entitled to judgment
as a matter of law on the issues expressly set out in the motion.” Tex. R. Civ. P. 166a(c); e.g.,
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Delta Air Lines, Inc.
v. Norris, 949 S.W.2d 422, 425 (Tex. App.—Waco 1997, writ denied). When we review for
whether a disputed material fact issue exists, we must accept as true all evidence favorable to the
non-movant. Nixon, 690 S.W.2d at 548-49; Delta Air Lines, 949 S.W.2d at 425. In addition, we
must resolve all doubts and indulge every reasonable inference in favor of the non-movant. Nixon,
690 S.W.2d at 549; Delta Air Lines, 949 S.W.2d at 425. When necessary to establish a fact issue,
the non-movant must present summary-judgment evidence. Westland Oil Dev. Corp. v. Gulf Oil
Corp., 637 S.W.2d 903, 907 (Tex. 1982); Ethridge v. Hamilton County Elec. Coop. Ass’n, 995
S.W.2d 292, 295 (Tex. App.—Waco 1999, no pet.). A summary judgment is reviewed de novo. 
E.g., Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. filed).
Grounds for a Bill of Review
      A bill of review is brought as a new lawsuit and is based on principles of equity; it challenges
the validity of a prior judgment that can no longer be directly attacked by other avenues. Caldwell
v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998); Tice v. City of Pasadena, 767 S.W.2d 700, 702
(Tex. 1989); Transworld Financial Services v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987). The
grounds of the remedy are narrow because of the fundamental policy in favor of the finality of
judgments. Transworld Financial, 722 S.W.2d at 408. The petitioner must have exercised due
diligence to avail himself of all adequate legal remedies (e.g., a motion for new trial) before filing
a bill of review. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999); Caldwell, 975
S.W.2d at 537. In addition to this requirement, the petitioner must plead and prove: (1) a
meritorious defense to the cause of action underlying the judgment complained of, (2) that, without
any fault or negligence of his own, (3) he was prevented from making due to the fraud, accident,
or wrongful act of the opponent. Caldwell, 975 S.W.2d at 537 (citing Transworld Financial, 722
S.W.2d at 408); Beck v. Beck, 771 S.W.2d 141, 141 (Tex. 1989); Tex. R. Civ. P. 329b(f). But
if the petitioner was not served with process or was wrongfully not given notice of a trial or
hearing, then (a) his constitutional due process rights were violated, (b) he need not show elements
one and three, and (c) his want of fault or negligence is established. Peralta v. Heights Med. Ctr.,
Inc., 485 U.S. 80, 86, 108 S.Ct. 896, 899-900, 99 L.Ed.2d 75 (1988) (no service); Caldwell, 975
S.W.2d at 537 (no service); see Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (motion for
new trial based on no notice). In a bill of review proceeding, the petitioner must meet the four-year statutory period of limitations. Tex. Civ. Prac. & Rem. Code Ann. §16.051 (Vernon
1997); Caldwell, 975 S.W.2d at 538.
Analysis
      Members filed a motion for summary judgment that contained both no-evidence and traditional
grounds. We need not consider the no-evidence grounds, because the grounds set out in the
traditional part of the motion, supported by summary judgment evidence, are dispositive. A
defendant who conclusively negates at least one of the essential elements of a cause of action is
entitled to a summary judgment as to that cause of action. Randall's Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each
element of an affirmative defense is entitled to summary judgment. Id.
      The summary judgment evidence conclusively shows that Marlowe cannot pass the threshold
test for a bill of review: that he has exercised due diligence to avail himself of all adequate legal
remedies before filing the bill of review. Wembley Inv., 11 S.W.3d at 927; Caldwell, 975 S.W.2d
at 537. Regardless of whether Marlowe was properly served with process or provided notice of
any hearing, he entered into a Rule 11 agreement to resolve the underlying lawsuit. The
agreement was recited into the record at the May 2001 hearing on Marlowe’s “Motion to Set
Aside Default Judgment.” The agreement meets the requirements of Rule 11:
Unless otherwise provided in these rules, no agreement between attorneys or parties touching
any suit pending will be enforced unless it be in writing, signed and filed with the papers as
part of the record, or unless it be made in open court and entered of record.

Tex. R. Civ. P. 11 (emphasis added). Having filed a post-judgment motion, participated in a
hearing on the motion, and entered into a Rule 11 agreement, if thereafter Marlowe wished to
complain about due process or about the Rule 11 agreement, he was required to raise the
complaint at that time by additional motion in the trial court or by direct appeal. He cannot fail
to pursue one or more of those legal remedies and instead wait until later to bring a bill of review. 
That is not the purpose of a bill of review.
Conclusion
      The summary judgment evidence establishes that there is no genuine issue as to Marlowe’s
failure to exercise due diligence to pursue his legal remedies, and therefore Members is entitled
to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 548. 
Accordingly, the trial court correctly granted summary judgment. We do not reach Marlowe’s
other issues.
      We affirm the summary judgment.
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 11, 2003
[CV06]