Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-09-00373-CV

Octavio **CASTANEDA** D/B/A Castaneda Bail Bonds,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-09-180
Honorable Alex William Gabert, Judge Presiding

Opinion by: Steven C. Hilbig, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: August 4, 2010

AFFIRMED

Appellant, Octavio Castaneda d/b/a Castaneda Bail Bonds, appeals the order denying a bill

of review. We affirm.

## BACKGROUND

Castaneda posted a $5,000.00 bond for Juan Amando Cavazos, who was under indictment

for felony possession of cocaine. The bond was forfeited and a judgment nisi was entered on August

13, 2008, when Juan Amando Cavazos failed to appear for arraignment. The judgment nisi ordered that the State recover $5,000.00 from Castaneda as the surety on the bail bond unless good cause was shown for Cavazos's failure to appear. Citation was issued, directing Castaneda to show cause why the judgment of forfeiture should not be made final. The officer's return of service, stating that Castaneda was personally served with the show cause order on August 21, 2008, is in the record. On December 23, 2008, the court coordinator sent notice to Castaneda that a show cause hearing was set for January 29, 2009, at 3:00 p.m. Castaneda filed a pro se answer on January 9, 2009. On February 4, 2009, the trial court signed a final judgment, ordering Castaneda to pay the State $5,000. The judgment recites that Castaneda filed an answer, but failed to appear at the hearing. Castaneda did not timely file a direct appeal from this judgment.

Castaneda initially filed a petition for bill of review in cause number DC-08-306, the same cause as the judgment nisi and final judgment. However, he did not pursue that petition and the record does not reflect any action was taken on it. Castaneda subsequently filed a petition for bill of review as a new cause. After a brief evidentiary hearing, the trial court signed an order denying the relief requested in the petition. Castaneda appeals this order.

## DISCUSSION

An equitable bill of review is brought as a new lawsuit and challenges the validity of a prior judgment that can no longer be directly attacked by other avenues. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989); *Transworld Fin. Servs. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). The grounds for granting a bill of review are narrow because of the fundamental policy in favor of the finality of judgments. *Transworld Fin.*, 722 S.W.2d at 407. To obtain relief by bill of review, a petitioner must ordinarily show: (1) he

exercised due diligence to avail himself of all adequate legal remedies, (2) he has a meritorious defense to the cause of action underlying the judgment, (3) that, without any fault or negligence of his own, (4) he was prevented from making due to the fraud, accident, or wrongful act of the opponent. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999); *Caldwell*, 975 S.W.2d at 537. However, if the petitioner establishes he was not served with process or given notice of a trial or hearing, then his right to due process was violated, and he need not show a meritorious defense or wrongful conduct by his opponent, and his want of fault or negligence may be considered established. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988); *Caldwell*, 975 S.W.2d at 537; *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988).

We review the grant or denial of a bill of review under an abuse of discretion standard. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). We indulge every presumption in favor of the trial court's ruling. *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.). We will not disturb the trial court's ruling unless the court acted in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). In the absence of findings of fact and conclusions of law, we presume the trial court found the necessary facts in support of its judgment if there is any probative evidence to support such findings. *Nguyen*, 93 S.W.3d at 293-94 (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)).

Castaneda contends the bill of review should have been granted because he established he was exonerated from bail bond liability pursuant to article 17.16 of the Texas Code of Criminal Procedure. However, proof of a meritorious defense to the forfeiture claim is insufficient to set aside

the judgment by bill of review.  Castaneda does not argue he was not properly served with process or notice of the hearing, nor does he point to any evidence that he was prevented from asserting his defense by the fraud, accident or wrongful act of the State, unmixed with any fault or negligence of his own.  Accordingly, Castaneda has failed to show the trial court abused its discretion.

The trial court's order denying the petition for bill of review is affirmed.


Steven C. Hilbig, Justice