In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00077-CV

                                                ______________________________

 

 

 

                  IN THE INTEREST OF S.P., J.P., AND
A.P., CHILDREN

 

 

 

                                                                                                  


 

 

                                       On Appeal from the 145th
Judicial District Court

                                                       Nacogdoches
County, Texas

                                                      Trial Court No. C20,871-2004

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Chanda
Pipes has filed an appeal from the denial of her bill of review.[1]
 The underlying case involves the
termination of her parental rights to three children, by order of March 10,
2006.  She states that her husband, Jimmy
Pipes, is now incarcerated and had informed her that he had discovered, while
in the legal library at the prison, that she could have appealed from the order
of termination.  She maintains an
unawareness that she could do so before, stating that her former attorney had
abandoned her by not seeking to file a notice of appeal, and that she was
wrongfully advised she could not appeal the order of termination.[2]  

            A
bill of review is an equitable proceeding to set aside a final judgment that is
no longer appealable or subject to a motion for new trial or appeal.  Transworld
Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407 (Tex. 1987).  To be entitled to relief, a plaintiff in a
bill of review action is ordinarily required to prove three elements:  (1) a meritorious claim or defense; (2) which
he was prevented from asserting by the fraud, accident, or mistake of the
opposite party or a mistake by court personnel in the execution of official
duties; (3) unmixed with any fault or negligence of his own.  Id.
at 408; W. Columbia Nat’l Bank v.
Griffith, 902 S.W.2d 201 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

            Under the general statute, as
applied by the trial court, a petition for bill of review must be filed within
four years of the date of the disputed judgment.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.051 (Vernon 2008); Tex. R. Civ. P.
329b(f); Caldwell v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998); Layton v. Nationsbanc Mortgage Corp.,
141 S.W.3d 760, 763 (Tex. App.—Corpus Christi 2004, no pet.).

            The
Texas Family Code also has its own separate restriction on the time in which a
party may bring either a direct or a collateral attack on an order terminating
parental rights.  Section 161.211 of the
Texas Family Code provides that “the validity of an order terminating parental
rights of a person who has been personally served . . . is not subject to
collateral or direct attack after the sixth month after the date the order was
signed.”  Tex. Fam. Code Ann. § 161.211 (Vernon 2008).  This section has been treated as shortening
the time in which a bill of review could be brought to a maximum of six months.
 See
In re L.N.M., 182 S.W.3d 470, 473–74 (Tex. App.—Dallas 2006, no pet.).

            By
her own pleadings (and under both the four-year and the six-month time period),
the time for filing a bill of review has expired and the relief is no longer
available.  Thus, the trial court did not
err by denying the bill.  Further,
allegations of fraud or negligence on the part of a party’s attorney are
insufficient to support a bill of review.  Briscoe,
722 S.W.2d at 408; Gracey v. West,
422 S.W.2d 913, 918–19 (Tex. 1968). 
Thus, a bill of review petitioner who alleges that the wrongful act of
his attorney caused an adverse judgment is not excused from the necessity of
pleading and proving his opponent’s extrinsic fraud.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742 (Tex. 2003); Briscoe, 722 S.W.2d at 408. 
No such fraud is pled.

            We
affirm the judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December
3, 2010

Date Decided:             December
7, 2010











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]We
note that the record includes a copy of an opinion on her appeal from the
termination that was issued on September 6, 2006.  An appeal was thus brought, but the
nonindigent Pipes did not pay the fee for filing the appeal with the Tyler
Court of Appeals despite multiple warnings and opportunities to do so, and the Tyler
court ultimately dismissed her appeal. 
Thus, her claim is without validity on its face.