

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00077-CV

_____

IN THE INTEREST OF S.P., J.P., AND A.P., CHILDREN

On Appeal from the 145th Judicial District Court
Nacogdoches County, Texas
Trial Court No. C20,871-2004

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Chanda Pipes has filed an appeal from the denial of her bill of review.[1] The underlying case involves the termination of her parental rights to three children, by order of March 10, 2006. She states that her husband, Jimmy Pipes, is now incarcerated and had informed her that he had discovered, while in the legal library at the prison, that she could have appealed from the order of termination. She maintains an unawareness that she could do so before, stating that her former attorney had abandoned her by not seeking to file a notice of appeal, and that she was wrongfully advised she could not appeal the order of termination.[2]

A bill of review is an equitable proceeding to set aside a final judgment that is no longer appealable or subject to a motion for new trial or appeal. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407 (Tex. 1987). To be entitled to relief, a plaintiff in a bill of review action is ordinarily required to prove three elements: (1) a meritorious claim or defense; (2) which he was prevented from asserting by the fraud, accident, or mistake of the opposite party or a mistake by court personnel in the execution of official duties; (3) unmixed with any fault or negligence of his

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]We note that the record includes a copy of an opinion on her appeal from the termination that was issued on September 6, 2006. An appeal was thus brought, but the nonindigent Pipes did not pay the fee for filing the appeal with the Tyler Court of Appeals despite multiple warnings and opportunities to do so, and the Tyler court ultimately dismissed her appeal. Thus, her claim is without validity on its face.

2

own.  *Id.* at 408; *W. Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

Under the general statute, as applied by the trial court, a petition for bill of review must be filed within four years of the date of the disputed judgment.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008); TEX. R. CIV. P. 329b(f); *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *Layton v. Nationsbanc Mortgage Corp.*, 141 S.W.3d 760, 763 (Tex. App.—Corpus Christi 2004, no pet.).

The Texas Family Code also has its own separate restriction on the time in which a party may bring either a direct or a collateral attack on an order terminating parental rights.  Section 161.211 of the Texas Family Code provides that "the validity of an order terminating parental rights of a person who has been personally served . . . is not subject to collateral or direct attack after the sixth month after the date the order was signed."  TEX. FAM. CODE ANN. § 161.211 (Vernon 2008).  This section has been treated as shortening the time in which a bill of review could be brought to a maximum of six months.  *See In re L.N.M.*, 182 S.W.3d 470, 473–74 (Tex. App.—Dallas 2006, no pet.).

By her own pleadings (and under both the four-year and the six-month time period), the time for filing a bill of review has expired and the relief is no longer available.  Thus, the trial court did not err by denying the bill.  Further, allegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review.  *Briscoe*, 722 S.W.2d at 408; *Gracey v.*

3

*West*, 422 S.W.2d 913, 918–19 (Tex. 1968). Thus, a bill of review petitioner who alleges that the wrongful act of his attorney caused an adverse judgment is not excused from the necessity of pleading and proving his opponent's extrinsic fraud. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742 (Tex. 2003); *Briscoe*, 722 S.W.2d at 408. No such fraud is pled.

We affirm the judgment.

Bailey C. Moseley
Justice

Date Submitted:     December 3, 2010
Date Decided:       December 7, 2010

4