**Affirmed and Memorandum Opinion filed January 19, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00320-CV

---

**WALLACE GRANT, Appellant**

**V.**

**HAWANN L. WILSON, Appellee**

---

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2010-49869**

---

## M E M O R A N D U M   O P I N I O N

Wallace Grant appeals from the trial court's denial of his petition for bill of review. In the petition, Grant asserted that he did not receive proper service of citation of a paternity suit that had been filed against him. A default judgment was taken against Grant in that case.[1] He requested in his petition for bill of review that the court grant a

---

[1] Although the trial court's judgment from the paternity suit does not appear in the appellate record, it is undisputed that in the prior proceeding, Grant was determined to be the father of the child in question and ordered to pay child support.

new trial. The trial court denied the petition, and Grant challenges that ruling in this appeal. We affirm.

*Standards of Review*

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *See Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). Typically, to successfully challenge a judgment by bill of review, the petitioner must demonstrate: (1) a meritorious defense to the cause of action supporting the judgment; (2) which he or she was prevented from making by the fraud, accident, or wrongful act of the opposing party; (3) unmixed with any fault or negligence of his or her own. *Id*. at 408. However, when the petitioner alleges that he or she did not receive proper service of citation, he or she need only prove a lack of proper service to be entitled to a new trial. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797-98 (Tex. 2006); *Caldwell v. Barnes*, 154 S.W.3d 93, 96-97 (Tex. 2004).

We review the denial of a bill of review under an abuse of discretion standard. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Under the abuse of discretion standard, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An abuse of discretion does not occur when the record contains some evidence of a substantial and probative character to support the trial court's ruling. *Id*. Where, as here, no findings of fact or conclusions of law were made or requested, we presume the trial court made all findings necessary to support its judgment. *See Tucker v. Thomas*, No. 14-09-01081-CV, 2011 WL 6644710, at *4 (Tex. App.—Houston [14th Dist.] December 20, 2011, no pet. h.) (en banc).

2

*Discussion*

In his brief, Grant presents four grounds for reversal. In three of them, he challenges the sufficiency of the evidence to support the trial court's judgment. Only in his fourth issue does Grant contend that the trial court abused its discretion in denying the bill of review. As explained above, the proper standard for our review is abuse of discretion, and challenges to the sufficiency of the evidence are subsumed in our review of the court's exercise of that discretion. *See id*. We will consider all of Grant's contentions under the abuse of discretion standard.[2]

Grant specifically contends that the trial court abused its discretion because the evidence presented at the bill of review hearing does not support the court's presumed finding that Grant received proper service of citation in the paternity suit. The recitals in the citation and the precept reflect that a deputy Harris County constable hand delivered those documents, along with a copy of the petition, to Grant in person on April 14, 2008. Grant testified at the hearing, however, that he never received personal service of the citation but was later handed an envelope containing court papers by the receptionist at his place of employment. Grant argues that delivery through the receptionist did not satisfy the requirements of Texas Rule of Civil Procedure 106, which mandates service in person, or by certified or registered mail, except upon motion and leave of court for alternative service. Tex. R. Civ. P. 106.

The recitals in a return of service carry so much weight that they cannot be rebutted by the uncorroborated testimony of a bill of review plaintiff alone. *Caldwell*, 154 S.W.3d at 97, n.3 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). At the hearing, in addition to his testimony, Grant pointed to a stamp and a handwritten date on the citation which states "PRECEPT/WRIT ATTACHED 6-24-08." Grant suggests that this handwritten date renders the citation internally inconsistent because the deputy constable's recitals indicate service of both the citation and the precept occurred on April 14, 2008, and not on June 24.

---

[2] Grant essentially raises the same arguments under each of his issues.

However, nothing in the record indicates when or by whom the stamp and handwriting were placed on the citation or what was meant by their placement on the document. In other words, there is no indication on the citation or otherwise that the stamp and handwriting refute or conflict with the statement of events recited by the deputy constable. Consequently, the stamp and handwritten date do not corroborate Grant's testimony that he did not receive personal service.

The citation and precept support the trial court's implied finding that Grant was properly served. The trial court did not abuse its discretion in denying the petition for bill of review. Accordingly, we overrule Grant's four issues and affirm the trial court's judgment.

/s/    Martha Hill Jamison
Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

4