02-11-285-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00285-CV

 

 


 
 
 Gregory Earl Reed d/b/a Hit City Records &
 Tapes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 County of Tarrant, Tarrant County Hospital
 District, Tarrant County Community College District, City of Forest Hill, and
 Fort Worth Independent School District
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 236th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Appellant
Gregory Earl Reed d/b/a Hit City Records & Tapes appeals the trial court’s order
denying his equitable bill of review challenging a default judgment for
delinquent property taxes, foreclosure of a tax lien, and a tax-foreclosure
sale in favor of Appellees County of Tarrant, Tarrant County Hospital District,
Tarrant County Community College District, City of Forrest Hill, and Fort Worth
Independent School District.  We will affirm.

II.  Background

          Appellees
sued Hit City in March 2004 to recover delinquent ad valorem taxes for
property owned at 3354 Mansfield Highway in Forrest Hill.  The return of
citation indicates that Gregory’s brother, Ronald Reed, the “Registered Agent”
for Hit City, was served with citation and a copy of the original petition on
August 30, 2004.  Several years later, in May 2008, Appellees obtained a
default judgment against Hit City for $17,846.12.  The property was later sold
in accordance with the Texas Tax Code, and the proceeds were used to satisfy
the judgment for delinquent taxes.

          In
January 2009, Gregory filed a bill of review against Appellees.  He alleged
that neither he nor Ronald “were ever served with citation or with any pleading
or with any other notice of the lawsuit” for delinquent taxes and that even if
Ronald had been served, “such service would have been ineffective service upon”
Gregory.  Gregory prayed for a new trial and that the default judgment be set
aside and vacated.  After a hearing, the trial court denied the bill of review
and entered several findings of fact, including the following:

11.     Court records
indicate that Ronald Reed as a partner in Hit City Records & Tapes [was]
served with legal process in connection with Defendants’ tax suit on August 30,
2004.

The
trial court entered the following conclusions of law, among others:

4.       Plaintiff
Hit City Records & Tapes was served with process by serving its named
partner, Ronald Reed, in person on August 30, 2004, an appropriate return
of citation having been filed with the Court on September 1, 2004, signed
by the Constable.

 

5.       At the time
of service, Ronald Reed was a registered partner in the partnership known as
Hit City Records & Tapes, no modification of the partnership having been
appropriately filed.

 

6.       Defendants,
having served a named partner of the partnership, gave sufficient due process
and notice to Plaintiff to proceed to judgment.

 

                   . . . .

11.     Plaintiff, at
trial in testimony on a bill of review, failed to provide corroborating
evidence sufficient to overcome the presumption that Plaintiff was served.

III.  Service Upon Ronald

          In
his first issue, Gregory argues that the trial court abused its discretion by
denying the bill of review.  He acknowledges that “the citation appears to
contain all the elements of a valid return of citation,” but he contends that
the evidence is factually insufficient to show that Ronald was served because the
evidence sufficiently corroborated Ronald’s testimony that he was not served.

          A
bill of review is an equitable proceeding to set aside a judgment that is no
longer appealable or subject to a motion for new trial.  Transworld Fin.
Servs. Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987).  The bill of
review petitioner must ordinarily plead and prove (1) a meritorious
defense to the cause of action supporting the judgment (2) that he was
prevented from making by the fraud, accident, or wrongful act of the opposing
party (3) unmixed with any fault or negligence of his own.  Id. at
407–08.  But when the petitioner alleges that he did not receive proper service
of citation, he need only prove a lack of proper service to be entitled to a
new trial.  Ross v. Nat’l Ctr. for the Emp’t of the Disabled, 197 S.W.3d
795, 797 (Tex. 2006); Caldwell v. Barnes, 154 S.W.3d 93, 96–97 (Tex.
2004) (stating that proof of non-service will conclusively establish third
element of bill of review).

We
review the denial of a bill of review for an abuse of discretion.  Davis v.
Smith, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings,
134 S.W.3d 835, 838–39 (Tex. 2004).  Under the abuse of discretion standard,
challenges to the sufficiency of the evidence are not independent grounds of
error but are relevant factors in assessing whether the trial court abused its
discretion.  See Edwards v. Mid-Continent Office Distribs., L.P., 252
S.W.3d 833, 835 n.6, 836 (Tex. App.—Dallas 2008, pet. denied); El Paso Cnty.
Hosp. Dist. v. Gilbert, 64 S.W.3d 200, 203–04 (Tex. App.—El Paso 2001, pet.
denied).

The
return of citation states that Ronald was personally served at 11:57 a.m. on
August 30, 2004.  The recitations in the return are prima facie
evidence of the facts recited in the return.  See Primate Constr. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994).  Ronald, however, testified that
he was never served with the citation.  In and of itself, Ronald’s testimony is
insufficient to establish non-service because the recitations in the return
“carry so much weight that they cannot be rebutted by the uncorroborated proof
of the moving party.”  See id.; see also Caldwell, 154
S.W.3d at 97 n.3 (“At trial, the testimony of a bill of review plaintiff alone,
without corroborating evidence, is insufficient to overcome the presumption
that the plaintiff was served.”).

Gregory
argues that he corroborated Ronald’s testimony with evidence elicited from Morris
Carrejo.  Carrejo testified that like Ronald, he is employed as a code
enforcement supervisor for the City of Fort Worth and that Ronald was “in the
office” on August 30, 2004, because “[b]eing a Monday, that’s a catch-up
day, and you usually stay in the office for sure and [Ronald] has lunch pretty
much on Mondays there at the office.”  But Carrejo clarified on
cross-examination that he was testifying about what he normally knows to be the
routine at work.  He explained that he had no recollection of Monday, August 30,
2004, and that he could not account for Ronald’s whereabouts that day.

The
trial court also admitted a document evidencing Ronald’s “Individual Record of
Absence from Duty,” which sets out the dates that Ronald was absent from work
and for how long.  Gregory appears to argue that the document corroborated
Ronald’s testimony about lack of service because it did not show that Ronald
was out of the office on August 30, 2004, and, therefore, amenable to
service away from work.  Although non-service may certainly be corroborated by
circumstantial evidence, see Sanders v. Harder, 148 Tex. 593, 597, 227
S.W.2d 206, 209 (1950), Carrejo explained that the document reflected Ronald’s
absences for personal reasons only; it did not account for those times when
Ronald was out of the office for a business-related activity.  Indeed, Ronald
acknowledged that his job requires him to be out of the office from time to
time, that he takes lunch breaks, and that he could not account for his
whereabouts on August 30, 2004.  In addition to this testimony, Ronald
testified that he used to be one of the partners in Hit City; and Gregory
explained that in August 2004, several teenagers, one being his daughter,
Ronald’s niece, ran Hit City.  The return of citation does not identify where Ronald
was served, although Hit City’s address is handwritten on the citation, but it does
indicate that Ronald was served at 11:57 a.m.  In light of all of this, the
trial court could have reasonably concluded that the document evidencing Ronald’s
absences from work did not corroborate his testimony of non-service on August 30,
2004.

          Gregory
argues that additional corroboration evidence consists of his testimony that he
made arrangements to pay for delinquent business personal property taxes when
he received notice that they were overdue.  According to Gregory, he “had a
history of taking responsibility for payment of taxes, suggesting his awareness
of the risk of ignoring a tax suit in that it might lead to the tax sale of the
Mansfield Highway property.”  Gregory’s testimony that he paid past-due
business taxes is circumstantial evidence that he pays taxes when they are overdue,
not evidence, circumstantial or otherwise, that Ronald was not served in the
underlying delinquent tax suit.

          The
evidence that Gregory relies upon to demonstrate corroboration either circumstantially
corroborated some fact relevant to a matter other than non-service upon Ronald
or was simply no evidence of corroboration.  An abuse of discretion does not
occur when the trial court bases its decisions on conflicting evidence and some
evidence of substantive and probative character supports its decision.  Unifund
CCR Partners v. Villa, 299 S.W.3d 92, 97 (Tex. 2009); Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).  We hold that the trial court
could reasonably have concluded that Gregory did not present sufficient corroborating
evidence that Ronald was not served in the tax suit.  Accordingly, we hold that
the trial court did not abuse its discretion by denying Gregory’s bill of
review.  We overrule Gregory’s first issue.

          Having
determined that Gregory failed to corroborate Ronald’s testimony about
non-service, we also overrule Gregory’s third issue, in which he argues that
the trial court abused its discretion by denying his bill of review on the
basis of estoppel.

IV.  Service Effective Upon Hit City

          In
his second issue, Gregory argues that even if we overrule his first issue, service
upon Ronald “would not have bound [Gregory] with the underlying judgment in the
tax suit” because by August 2004, Ronald was no longer a partner of Hit City nor
affiliated with the business in any capacity.

          Ronald
acknowledged that a warranty deed filed of record in Tarrant County showed that
Hit City—a Texas general partnership comprised of Gregory and Ronald—took
ownership of the property at 3354 Mansfield Highway in June 1994.  However, Ronald
and Gregory testified that Ronald “gave” his partnership interest in Hit City
to Gregory at some point before August 2004, and Gregory testified that Hit
City was now a sole proprietorship.  Nevertheless, Ronald agreed that a records
search to determine who owned the property at 3354 Mansfield Highway would reveal
that the property is owned by the Hit City partnership, which, according to the
deed, included Gregory and Ronald.  Thus, the issue is whether service upon
Ronald, a former partner in Hit City, was sufficient to authorize the judgment
against Hit City because the deed filed of record for the property located at
3354 Mansfield Highway identified Ronald as a partner of Hit City, the owner of
the property.

          Appellees
filed the underlying suit against Hit City to recover delinquent ad valorem
taxes.  An ad valorem tax is a tax on property at a certain rate based on
the property’s value.  Tex. Mun. League Intergovernmental Risk Pool v. Tex.
Workers’ Comp. Comm’n, 74 S.W.3d 377, 387 (Tex. 2002).  Determining ownership
of property is a pivotal issue in a suit to recover delinquent taxes, whether
the taxing unit seeks personal liability, foreclosure of a tax lien, or both.  See
Tex. Tax Code Ann. § 33.41(a) (West 2008) (“At any time after its tax on
property becomes delinquent, a taxing unit may file suit to foreclose the lien
securing payment of the tax, to enforce personal liability for the tax, or both.”). 
For example, property taxes are “the personal obligation of the person who owns
or acquires the property on January 1 of the year for which the tax is
imposed.”  Id. § 32.07(a) (West 2008).  Moreover, a petition
initiating suit to collect delinquent property taxes is sufficient if it
alleges that the person sued owned the property on January 1 of the
year for which the tax was imposed if the suit seeks to enforce personal
liability, or that the person sued owns the property when the suit is
filed if the suit seeks to foreclose a tax lien.  Id. § 33.43
(a)(7), (8) (West 2008).  Also, in a suit to recover delinquent taxes, the tax
code permits a defendant to raise the affirmative defense of non-ownership of
the subject property.  Id. § 42.09(b)(1) (West 2008).

          Here,
Ronald may have transferred his partnership interest in Hit City to Gregory at
some point before August 2004, but the deed filed of record continued to show
(even at the time of trial) that Ronald was a partner in Hit City, the record owner
of the property located at 3354 Mansfield Highway.  Gregory offered no evidence
that he somehow noticed or even otherwise documented the dissolution of the Hit
City partnership such that Appellees could ever have discovered the
change in the partnership’s status.  That being the case, just as a party who
performs a search of property records is entitled to rely on the recitations
contained in those records when purchasing a property, we must conclude that
Appellees—taxing units seeking to recover delinquent ad valorem taxes from
Hit City, the record owner of the property located at 3354 Mansfield Highway—were
entitled to rely upon the recitations contained in the deed filed of record,
indicating that Ronald was a partner in Hit City, when attempting to determine
ownership of the property for purposes of effecting service of process.  As
citation served on one member of a partnership authorizes a judgment against
the partnership, see Tex. Civ. Prac. & Rem. Code Ann. § 17.022
(West 2008), we hold that service upon Ronald was effective to authorize a
judgment against Hit City.  We overrule Gregory’s second issue.

V.  Due Process

          Citing
Jones v. Flowers, 547 U.S. 220, 126 S. Ct. 1708 (2006), Gregory
argues in his fourth issue that he was denied due process because Appellees
failed to provide him with appropriate notice of the tax delinquency and tax
sale.  In Jones, the Supreme Court held that when notice of a tax sale
is mailed to the owner and returned undelivered, the State must take additional
reasonable steps to provide notice before taking the owner’s property.  Id.
at 223, 234, 126 S. Ct. at 1718.  Jones is inapposite because the
taxing entity there knew that its notice to Jones that his taxes were
delinquent and that his property was subject to public sale had been returned
unclaimed.  Id. at 223–24, 126 S. Ct. at 1712.  The Court explained
that “we have never addressed whether due process entails further
responsibility when the government becomes aware prior to the taking that its
attempt at notice has failed.”  Id. at 227, 126 S. Ct. at 1714.  In
this case, service of process was successfully effected upon Ronald, and
Appellees subsequently took a default judgment against Hit City, as they were
entitled to do.  See Tex. R. Civ. P. 107, 239.  Thus, unlike the taxing
entity in Jones, Appellees had no indication that their notice had
failed.  We overrule Gregory’s fourth issue.

VI.  Conclusion

          Having
overruled all of Gregory’s dispositive issues, we affirm the trial court’s
order denying Gregory’s petition for equitable bill of review.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DELIVERED:  May 24, 2012









[1]See Tex. R. App. P. 47.4.