

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00488-CV

CHRISTOPHER ROBERT WEAST                  APPELLANT

V.

OFFICE OF THE ATTORNEY                  APPELLEES
GENERAL AND SARAH REYES

----------

## FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 325-516716-12

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Christopher Robert Weast appeals the trial court's denial of his

petition for bill of review attacking a 2004 default judgment rendered against him

---

[1]*See* Tex. R. App. P. 47.4.

in favor of Appellees, the Office of the Attorney General and Sarah Reyes. We will affirm.

## II. BACKGROUND

Weast filed his bill of review on May 29, 2012. In his petition, Weast alleged that a default judgment was improperly entered against him on June 3, 2004.[2] Weast claimed that the default judgment was improper because he was not served with process and he did not receive notice of the default judgment until May 7, 2012.

The trial court heard Weast's bill of review on December 6, 2012. Before the trial court, Weast orally motioned the trial court to strike defendant Attorney General's answer. In support of his motion, Weast sought to introduce "two documents." The contents of these documents is not clear from the record, nor is there a written motion in the record that Weast intended to move the court to strike the Attorney General's answer. Citing hearsay, the trial court ruled that the "two documents" were inadmissible, but never explicitly ruled on Weast's oral motion to strike the Attorney General's answer.

Weast then called his mother to the stand to testify that Weast had lived with her at their residence the entire year of 2004 and that no one had ever served Weast with notice of the default judgment. On voir dire, however, Weast's mother stated that she did sometimes go to the grocery store and was

---

[2]The appellate record does not contain a copy of the default judgment, but the parties indicate that it is related to child support.

therefore not always present at her residence during 2004. Despite having attached to his bill of review what appears to be a citation to Weast indicating he was served a different address on April 2, 2004, Weast never sought to introduce this document, which forms the basis of the 2004 default judgment, into evidence. After Weast's mother testified, Weast proclaimed, "that's my witnesses, Your Honor," and he presented no other evidence. The trial court denied Weast's bill of review and this appeal followed.

## III. DISCUSSION

In part of his sole issue, Weast argues that the trial court abused its discretion by denying his bill of review. We disagree.

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). The bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action supporting the judgment (2) that he was prevented from making by the fraud, accident, or wrongful act of the opposing party (3) unmixed with any fault or negligence of his own. *Id.* at 407–08. But when the petitioner alleges that he did not receive proper service, he need only prove a lack of proper service to be entitled to a new trial. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *see Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004) (stating that proof of non-service will conclusively establish third element of bill of review). The bill of review plaintiff assumes the burden of

3

proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered. *Caldwell*, 154 S.W.3d at 97–98.

We review the denial of a bill of review for an abuse of discretion. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Under the abuse of discretion standard, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *See Edwards v. Mid–Continent Office Distribs., L.P.*, 252 S.W.3d 833, 835 n.6, 836 (Tex. App.—Dallas 2008, pet. denied); *El Paso Cnty. Hosp. Dist. v. Gilbert*, 64 S.W.3d 200, 203–04 (Tex. App.—El Paso 2001, pet. denied).

Here, the only evidence presented at trial was the testimony of Weast's mother, who testified on direct examination that during 2004, she lived at the same residence as Weast and that at no time had a constable served him at their residence during that year. But, on voir dire, Weast's mother testified that during that year, she is sure that she left the residence and went to the grocery store. Thus, Weast's mother's testimony is conflicting. Furthermore, Weast presented

4

no evidence to support his claim that he did not receive notice of the default judgment.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Thus, we hold that the trial court could reasonably have concluded that Weast did not carry his burden of proving that he was not served with process and thereby conclusively established his fault or negligence in allowing the default judgment he now complains of to be rendered. *Caldwell*, 154 S.W.3d at 97–98. Accordingly, we hold that the trial court did not abuse its discretion by denying Weast's bill of review. We overrule this portion of Weast's sole issue.

In the remainder of his sole issue, Weast alleges that the trial court erred by denying his oral motion to strike the Attorney General's answer to his petition for bill of review. As the Attorney General points out, "Weast does not explicitly present an issue regarding the denial of his motion to strike the Attorney General's answer" in his brief. Indeed, Weast does not present this argument as an issue presented, nor does he provide any legal analysis or authority in support of this argument. Because Weast does not provide any legal analysis or authority supporting his argument that the trial court erred denying his oral motion to strike the Attorney General's answer, it is waived. *See* Tex. R. App. P. 38.1(h), (i) (stating that a brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to the record); *City*

5

*of Midland v. Sullivan*, 33 S.W.3d 1, 10, n.6 (Tex. App.—El Paso 2000, pet. dism'd w.o.j.) (explaining that by appellant failing to brief complaint, he waived appellate review of issue); *see also DSW Masters Holding Corp. v. Tyree*, No. 02-11-00296-CV, 2012 WL 4661455, at *5 (Tex. App.—Fort Worth Oct. 4, 2012, no pet.) (mem. op.) (stating that it would be inappropriate for the court to redraft and articulate what appellant may have intended to raise as error on appeal). We therefore overrule the remainder of Weast's sole issue.

## IV. CONCLUSION

Having overruled Weast's sole issue in its entirety, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

WALKER, J., concurs without opinion.

DELIVERED:  December 18, 2014

6