*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★   ★   ★   ★



## OPINION

No. 04-11-00715-CV

**IN RE POLLO GORDO, INC.**
**D/B/A POLLO ZAPATA** and **TELEMEDIA, INC.**

Original Mandamus Proceeding[1]

Opinion by:   Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  January 11, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 28, 2011, relators Pollo Gordo, Inc. d/b/a Pollo Zapata and Telemedia, Inc. ("relators") filed a petition for writ of mandamus, complaining the trial court abused its discretion in granting real party in interest Isabel Ancira's ("Ancira") bill of review. We agree and conditionally grant the petition for writ of mandamus.

### BACKGROUND

This proceeding arises out of a bill of review granted to Ancira. The underlying suit involves a restaurant named Pollo Gordo in Zapata, Texas. The majority owner and President of Pollo Gordo is Arn Ramirez, and Gilberto A. Rodriguez was hired as the director of the

---

[1] This proceeding arises out of Cause No. 7,300, styled *Isabel Ancira v. Pollo Gordo, d/b/a Pollo Zapata, and Telemedia, Inc.*, pending in the 49th Judicial District Court, Zapata County, Texas, the Honorable Joe Lopez presiding.

restaurant. Pollo Gordo opened in 2004. In the summer of 2005, relators allege it was discovered that Rodriguez had failed to deposit approximately $5,700.00 of the restaurant's money in the bank, and another $20,544.13 in company funds was later discovered to be missing. Furthermore, relators contend Rodriguez entered into a joint venture on an "eightliner casino" with Ancira, which had Rodriguez overseeing the casino instead of attending the restaurant. Pollo Gordo was subsequently closed, but before the restaurant equipment could be removed, relators allege Rodriguez and Ancira misappropriated the equipment.

In October of 2005, relators filed suit against Ancira for theft, conversion, and civil conspiracy, and against Rodriguez for theft, conversion, fraud, breach of fiduciary duty, and civil conspiracy. Both Rodriguez and Ancira filed an answer by and through their attorney Andres A. Ramos in November of 2005. Beginning in June of 2007, Ancira and Rodriguez' attorney Ramos was served with requests for disclosure, interrogatories, requests for production, requests for admissions, a rule 11 agreement, and a motion to compel; none of which were ever responded to. On September 9, 2008, relators filed a traditional motion for summary judgment based on deemed admissions, which Ancira and Rodriguez again failed to respond to. On December 8, 2008, the trial court signed an order granting relators' traditional motion for summary judgment, and entered a final judgment of $44,234.57 in damages and $4,750.00 in attorneys' fees against Rodriguez and Ancira, jointly and severally.

On January 13, 2010, Ancira filed a bill of review, seeking to set aside the judgment against her. The bill of review contends Ancira's attorney Ramos failed to inform her of the discovery propounded, the summary judgment, or the judgment entered against her. Ancira further asserts she did not become aware of the judgment until after June 15, 2009 when she was served with a writ of execution. She relies on an affidavit from Ramos, in which he

acknowledges that although he was retained to represent Ancira, he failed to provide her with notice and completely neglected the lawsuit due to domestic problems he was having. However, at the hearing on the bill of review, Ancira claimed the basis of the bill of review was due to fraud on the part of Ramirez. Specifically, she claimed Ramirez told a third party, Juan Ochoa, that he would drop the suit, which was then communicated to Rodriguez, Ancira's co-defendant, who then told her. She argued she relied on the third party statement that the suit had been dismissed. After conducting a hearing on the bill of review on June 9, 2010, the trial court signed an order granting the bill of review on May 16, 2011. This petition for writ of mandamus ensued.

## ANALYSIS

This court, along with other courts, has previously held mandamus relief is available when a trial court erroneously grants a bill of review. *See In re Spiller*, 303 S.W.3d 426, 431 (Tex. App.—Waco 2010, orig. proceeding); *In re Off. of Attorney Gen.*, 276 S.W.3d 611, 621 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied]); *In re Attorney Gen. of Tex.*, No. 04-00-00672-CV, 2001 WL 8547, at *1 (Tex. App.—San Antonio Jan. 3, 2001, orig. proceeding); *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 877 (Tex. App.—San Antonio 1998, orig. proceeding). We review the trial court's ruling for an abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840.

In light of the overriding public interest in the finality of judgments, a bill of review may be obtained only on narrow grounds. *See Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987). In order to succeed in setting aside the final judgment against her, Ancira had the burden to establish: (1) she has a meritorious defense to the cause of action alleged to support the judgment; (2) which she was prevented from making by the fraud, accident or wrongful act of the opposite party; (3) unmixed with any fault or negligence of her own. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In Ancira's bill of review, she asserted she failed to respond to the suit due to accident and/or official mistake. Specifically, she relied on the affidavit of her former attorney Ramos, to the extent that he acknowledged that he had neglected the lawsuit. However, "allegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review." *Id.* (citing *Transworld*, 722 S.W.2d at 408); *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 879 (Tex. App.—San Antonio 1998, orig. proceeding) (holding that an error in the judgment not timely discovered by the party's attorney was negligence attributable to the attorney, and such attorney negligence thwarted the party's success in a bill of review). Therefore, a bill of review in which a petition alleges that the wrongful act of their attorney caused an adverse judgment is not excused from the necessity of pleading and proving their opponent's extrinsic fraud. *King*, 118 S.W.3d at 751 (citing *Transworld*, 722 S.W.2d at 408).

At the hearing on the bill of review, in an effort to avoid relying solely on her attorney's negligence as she had in the bill of review petition, Ancira argued that Ramirez engaged in extrinsic fraud that led her to believe the suit had been dismissed. However, Ancira never plead this defense in her bill of review. *Id.* Furthermore, the record indicates there is no evidence the alleged fraud was ever reported to the attorney and thus cannot serve as an excuse for the

attorney's failure to respond. As established in attorney Ramos' affidavit, his failure to respond was due to domestic problems he was having.[2] Ancira's failure to respond to the suit was solely the result of the conduct of her attorney and such negligence thwarts Ancira's success in the bill of review. *See Nat'l*, 963 S.W.2d at 879. Therefore, we conclude Ancira failed to establish she was prevented from asserting her defense by the fraud, accident or wrongful act of Ramirez. *See King*, 118 S.W.3d at 751. Based on the foregoing, we conclude Ancira failed to establish a proper basis for relief through a bill of review.

### CONCLUSION

Accordingly, we conclude the trial court abused its discretion in granting the bill of review. Therefore, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw its May 16, 2011 order granting the bill of review. The writ will issue only if the trial court fails to comply within fourteen days.

Phylis J. Speedlin, Justice

---

[2] Ancira contends that any notice acquired by Ancira's attorney is not imputed to her because the attorney-client relationship had been terminated. However, there is no evidence in the record to suggest that Ancira had any notice that the attorney-client relationship had been terminated.