ACCEPTED
01-14-00845-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/8/2015 10:53:33 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00845-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/8/2015 10:53:33 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE
# FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

### DAVID LANCASTER,
APPELLANT

**v.**

### BARBARA LANCASTER,
APPELLEE

On appeal from the 247th Judicial District Court
Harris County, Texas | Cause No. 2013-05066

## APPELLEE'S BRIEF

Respectfully submitted,

LAW OFFICE OF MARY K. QUINN
**Mary K. Quinn**
State Bar No. 164363250
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 225-0094 | Fax (713) 225-0099
maryquinn@maryquinnlaw.com

LAW OFFICE OF JANICE L. BERG
**Janice L. Berg**
State Bar No. 24064888
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax: (713) 225-0099
janice@janiceberglaw.com

## ATTORNEYS FOR APPELLEE

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant/Petitioner**
**DAVID LANCASTER** (former husband)

Representing Appellant at Trial:
**Diane St. Yves, PLLC**
State Bar No. 45005386
River Oaks Tower
3730 Kirby Drive, Suite 1030
Houston, Texas 77098
Telephone:   (281) 822-6000
Facsimile:   (713) 807-7581
diane@styveslaw.com

Representing Appellant on Appeal:
Appellant is pro se on appeal

**Appellee/Respondent**
**BARBARA LANCASTER** (former wife)

Representing Appellee on Appeal:
**Janice L. Berg**
State Bar No. 24064888
LAW OFFICE OF JANICE L. BERG
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone:   (713) 993-9100
Facsimile:   (713) 225-0099
janice@janiceberglaw.com

Representing Appellee at Trial and on Appeal:
**Mary K. Quinn**
State Bar No. 164363250
LAW OFFICE OF MARY K. QUINN
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Telephone:   (713) 225-0094
Facsimile:   (713) 225-0099
maryquinn@maryquinnlaw.com

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................ ii

Table of Contents ................................................................................... i

Index of Authorities .............................................................................. iii

Statement of the Case ............................................................................ vi

Statement Regarding Oral Argument ..................................................... vi

Statement of Facts .................................................................................. 1

    A. Factual Background ..................................................................... 1

    B. Appellate Procedural History ...................................................... 3

       i. Direct appeal of the 2012 protective order ............................ 3

       ii. Mandamus and Writ of Prohibition ....................................... 3

Summary of the Argument ...................................................................... 3

Argument and Authorities ...................................................................... 4

    I. Standard of Review ...................................................................... 4

    II. Response to Issues 1 and 2 ........................................................... 6

    III. Response to Issue 3 ..................................................................... 7

    IV. Response to Issue 4 ..................................................................... 8

    V. Response to Issue 5 ...................................................................... 9

    VI. Response to Issue 6 ................................................................... 10

    VII. Response to Issue 7 .................................................................. 12

    VIII. Response to Issue 8 ................................................................ 14

    IX. Response to Issue 9 .................................................................. 14

X.  Response to Issue 10.............................................................................. 15

XI.  Additional Issues.................................................................................. 15

Conclusion ............................................................................................... 16

Prayer ...................................................................................................... 16

Certificate of Word Count Compliance ................................................... 17

Certificate of Service ............................................................................... 18

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (Tex. 1950) .................... 13

*All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723 (Tex. App.—Fort Worth 2003, no pet.) ....................................................................................... 9

*Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979) ..................................................... 5

*Barbee v. Barbee*, No. 12-09-001510-CV (Tex. App.—Tyler 2010, no pet.) .......... 6

*Caldwell v. Barnes*, 975 S.W.2d 535 (Tex. 1998) ................................................... 10

*French v. Brown*, 424 S.W.2d 893 (Tex. 1967) ......................................................... 5

*Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494 (Tex. 2010) .................................. 4

*Garza v. Attorney Gen.,* 166 S.W.3d 799 (Tex. App.—Corpus Christi 2005, no pet.) ......................................................................................................................... 4

*Henslee v. State*, 375 S.W.2d 474 (Tex. Civ. App.—Dallas 1963, writ ref'd n.r.e.) 1

*In Re Attorney General*, 184 S.W.3d 925 (Tex. App.—Beaumont 2006, orig. proceeding) ........................................................................................................... 12

*In re Pollo Gordo, Inc.*, 373 S.W.3d 107 (Tex. App.—San Antonio 2012, no pet.) (original proceeding) ............................................................................................. 4

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001) ....................................... 16

*Martinez v. Wilber*, 810 S.W.2d 461 (Tex. App.—San Antonio 1991, writ denied) 9

*McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ..................................................................................... 14

*Nelson v. Chaney*, 193 S.W.3d 161 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ............................................................................................................... 12

*Republic Underwriters Ins. v. Mex.-Tex., Inc.*, 150 S.W.3d 423 (Tex. 2004) ........ 15

*Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795 (Tex. 2006) ............................................................................................................... 10

*Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979) .... 1

*Spigel v. Rodriguez*, 13-97-855-CV, 1999 WL 34973400 (Tex. App.—Corpus Christi May 27, 1999, no pet.) ...................................................................... 9

*State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463 (Tex. 1989) ...................... 5

*Temple v Archambo*, 161 S.W.3d 217 (Tex. App.—Corpus Christi—Edinburg 2005, no pet.) ............................................................................................... 13

*Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex. 1999) ......................................... 5

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) .................................................... 4

**Statutes**

Tex. Fam. Code § 82.042 ........................................................................................ 7

Tex. Fam. Code § 82.043 ........................................................................................ 7

Tex. Fam. Code § 82.043(d) .................................................................................... 7

Tex. Fam. Code § 84.004(a) .................................................................................. 11

iv

**Rules**

Tex. R. App. P. 33.......................................................................... 7, 8, 9, 12, 14

Tex. R. App. P. 38.1........................................................................... 6, 8, 10, 15

Tex. R. App. P. 38.9(b).............................................................................. 15

Tex. R. Civ. P. 329b(f)............................................................................... 5

## STATEMENT OF THE CASE

*Nature of the case:* Bill of review proceeding filed by former husband challenging a family violence protective order. (CR 4, 17). Former wife alleged that former husband was ineligible for relief by bill of review because he had failed to exhaust his appellate remedies. (CR 14).

*Course of proceedings:* The trial court found that former husband had not met his burden to show that he exercised due diligence in pursuing his appellate remedies to be entitled to relief by bill of review. (CR 88)

*Trial court disposition:* The trial court denied former husband's petition for bill of review and awarded former wife a judgment for attorney's fees. (CR 88).

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, Barbara Lancaster, respectfully requests the opportunity to present oral argument. Oral argument would significantly aid the Court in deciding this case by providing additional explanation of the facts and issues presented. *See* Tex. R. App. P. 38.1(e); 39.1(d).

Appellee, Barbara Lancaster, submits this brief in response to Appellant's Brief and asks this Court to affirm the trial court's judgment. In support, Appellee offers as follows:

## STATEMENT OF FACTS

Appellee objects to Appellant's statement of facts and appendices cited therein to the extent that the appendices do not appear in the trial court's record. If the appendices do not also appear in the trial court's record, they are outside the scope of this appeal and cannot be reviewed by this Court. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). Appellee asks that they be stricken and that they be given no consideration. *See Henslee v. State*, 375 S.W.2d 474, 476 (Tex. Civ. App.—Dallas 1963, writ ref'd n.r.e.).

### A. Factual Background

Barbara Lancaster and David Lancaster were divorced in 2012.

On September 4, 2009, David was served with a Barbara's application for a family violence protective order. (CR 90).

On September 9, 2009, a hearing was held on the application for protective order in Cause No. 2009-53749 in the 247th Judicial District Court of Harris County, Texas. (CR 90). David did not appear at the hearing. (CR 90). The trial court rendered a default protective order against him. (CR 90).

1

In mid-October 2009, David was served with notice of the September 9, 2009 default protective order. (CR 90). (This was more than 20 but less than 90 days after the judgment was signed.) (CR 91).

Two days after being served with notice of the default protective order, David hitchhiked to Louisiana. (CR 90).

David did not file any post-judgment motions after receiving notice of the default protective order. (CR 90). David did not file a direct appeal of the default protective order. (CR 91).

David was twice convicted of violating the default protective order. (CR 91).

On August 30, 2012, the 280th Judicial District court issued a second protective order ("the 2012 protective order") in 2002-45815, based on the two prior violations of the default protective order. (CR 91).

David filed his Original Petition for Bill of Review on January 28, 2013, challenging the default protective order on which the 2012 protective order is based. (CR 4). Barbara filed an answer to the bill of review asserting laches and failure to exhaust other remedies. (CR 14).

David did not file a motion for new trial in the bill of review action.

David requested findings of fact and conclusions of law on June 17, 2014. Findings were signed by the trial court on August 11, 2014. (CR 90).

2

### B. Appellate Procedural History

#### i. Direct appeal of the 2012 protective order

David filed a direct appeal of the 2012 protective order. On June 25, 2013, this Court affirmed the order of the trial court. *See David Lancaster v. Barbara Lancaster*, No. 01-12-00909-CV (Tex. App.—Houston [1st Dist.] June 25, 2013).

#### ii. Mandamus and Writ of Prohibition

David filed a petition for writ of mandamus under No. 01-14-00985-CV and a petition for writ of prohibition under No. 01-14-00986-CV. In an opinion dated February 10, 2015, this Court (1) dismissed the petition for writ of prohibition upon David's motion and (2) denied David's petition for writ of mandamus because he did not file the order of which he complained. *In re David Lancaster*, No. 01-14-00985-CV and No. 01-14-00986-CV (Tex. App.—Houston [1st Dist.] Feb. 10, 2015).

### SUMMARY OF THE ARGUMENT

The only issue in this appeal is whether the trial court acted within its discretion when it denied David's petition for bill of review. In his brief, David does not challenge the trial court's findings of fact that the default judgment rendered against him was due at least in part to his own fault and negligence when he hitchhiked out of town instead of filing a motion for new trial or appeal of the order. (CR 90). Rather, David attempts to argue that the 2009 protective order and

3

all attendant circumstances were part of a conspiracy perpetrated against him by his ex-wife, prosecutors, judges, lawyers, family pastors and clergy, clerks, sheriffs, deputies, and process servers.

To overrule all issues in this case, this Court need only look to the unchallenged findings of fact and conclusions of law indicating that the trial court was well within its discretion when it denied David's petition for bill of review. (CR 90).

## ARGUMENT AND AUTHORITIES

### I. Standard of Review

A trial court's ruling on a bill of review is reviewed under an abuse of discretion standard. *In re Pollo Gordo, Inc.*, 373 S.W.3d 107, 110 (Tex. App.—San Antonio 2012, no pet.) (original proceeding). An abuse of discretion occurs when there is a "clear failure by the trial court to analyze or apply the law correctly." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). When reviewing a trial court's ruling on a bill of review, "[i]f the record supports the trial court's evidentiary findings, the reviewing court is not at liberty to disturb them." *Garza v. Attorney Gen.,* 166 S.W.3d 799, 808 (Tex. App.—Corpus Christi 2005, no pet.).

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *see* Tex. R. Civ. P. 329b(f). The

4

purpose of the bill of review proceeding is to prevent a manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). Rule 329b(f) states, "on expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause." Tex. R. Civ. P. 329b(f).

Rule 329b(f) does not define sufficient cause. Generally speaking, however, the Texas Supreme Court has set out the procedural steps necessary for a bill of review proceeding. *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464-65 (Tex. 1989). To prevail on a bill of review, a petitioner must allege and prove: (1) the existence of a meritorious defense to the claim supporting the judgment; (2) which he was prevented from asserting by fraud, accident, or the wrongful act of the opposing party; (3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The fact that an injustice has occurred is not sufficient standing alone to justify relief by bill of review. *In re Office of the Attorney General*, 276 S.W.3d 611, 618-20 (Tex. App.—Houston [1st Dist.] 2008, pet. struck) (orig. proceeding).

A petitioner for a bill of review is not entitled to relief unless he has exhausted all other remedies available under Texas law at the time he filed the bill of review. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1999). For

5

example, a petitioner is not entitled to relief by bill of review if he could have, but did not, file a motion to reinstate, a motion for new trial or a direct appeal. *Id.*

## II. Response to Issues 1 and 2

In his first issue, Appellant complains that the trial court abused its discretion by issuing a temporary ex parte protective order under Texas Family Code 82.009 and 83.001. In his second issue, Appellant claims that the court abused its discretion by issuing a "temporary protective order" outside of the strictures of chapter 84 of the Texas Family Code.

The trial court in this case did not render the orders Appellant complains of in Issues 1 and 2. Rather, this Court denied Appellant's petition for bill of review, determining that he did not exercise due diligence to exhaust his appellate remedies and did not show that the default judgment was not rendered as the result of his own fault or negligence. (CR 90).

Moreover, it is not clear what action or order Appellant is actually complaining of. There are no references to the record contained in the argument for these issues. David has waived these issues due to inadequate briefing. Tex. R. App. P. 38.1.

The failure to hold the hearing within 14 days does not render a protective order void or voidable. *Barbee v. Barbee*, No. 12-09-001510-CV (Tex. App.— Tyler 2010, no pet.). In *Barbee*, the Court of Appeals pointed out that there are no

6

specific consequences for the failure to comply with the 14-day limit in filing the final protective order. To the extent that David is correct that the trial court did not meet the 14-day limit, that is not fatal to the protective order.

Appellant complains that the delay in issuing the order resulted in lack of notice to him. Section 82.043 makes clear that service of notice of the application is not required before a temporary ex parte protective order can be issued under Texas Family Code Chapter 83. See Tex. Fam. Code § 82.043(d).

This point of error is not properly before this Court. The only issue in this appeal is whether the trial court properly denied David's petition for bill of review. Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33.

## III.    Response to Issue 3

In Issue 3, Appellant claims that the applicant and clerks delayed in issuing citation. Appellant has waived this issue because he failed to exhaust his legal remedies to appeal the 2009 order. (CR 90).

Article 2.21 of the Code of Criminal Procedure is not applicable to this case. The issuance of notice of application is controlled by Tex. Fam. Code § 82.042. Service of notice of the application is controlled by Tex. Fam. Code § 82.043.

This point of error is not properly before this Court. The only issue in this appeal is whether the trial court properly denied David's petition for bill of review.

Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33. Moreover, it is not clear what action or order Appellant is actually complaining of. There are no references to the record contained in the argument for this issue. David has waived these issues due to inadequate briefing. Tex. R. App. P. 38.1.

## IV.     Response to Issue 4

In his fourth issue, Appellant complains that a Harris County Constable failed to attempt to serve the notice of application. He also alleges "official oppression" and "neglect of duty."

David's allegations of impropriety and conspiracy are not supported by the record. *See* Appellant's Brief at 5-6. Appellant asks that these allegations be stricken.

This point of error is not properly before this Court. The only issue in this appeal is whether the trial court properly denied David's petition for bill of review. Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33. Moreover, it is not clear what action or order Appellant is actually complaining of. There are no references to the record contained in the argument for this issue. Authority is quoted without any discussion about how it relates to the case. David has waived these issues due to inadequate briefing. Tex. R. App. P. 38.1.

## V.    Response to Issue 5

In Issue 5, Appellant complains that he had defective notice of the 2009 hearing on the protective order.

*All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 725 (Tex. App.—Fort Worth 2003, no pet.) does not support Appellant's position. That case stands for the proposition that defect of service can be raised for the first time on appeal. But unlike this case, the appellant filed a timely appeal after a default judgment was entered against him.

Neither *Spigel v. Rodriguez*, 13-97-855-CV, 1999 WL 34973400, at *2 (Tex. App.—Corpus Christi May 27, 1999, no pet.) nor *Martinez v. Wilber*, 810 S.W.2d 461, 463 (Tex. App.—San Antonio 1991, writ denied) support Appellant's position. In *Spigel*, the appellant timely appealed. In *Martinez*, the appellant filed a timely appeal. *Spigel* was a restricted appeal. In this case, Appellant did not file a bill of review or a timely appeal. David's complete failure to exhaust his appellate remedies is fatal to his petition for bill of review.

This point of error is not properly before this Court. The only issue in this appeal is whether the trial court properly denied David's petition for bill of review. Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33. Moreover, it is not clear what action or order Appellant is actually complaining of. There are no references to the record contained in the argument for

this issue. Authority is quoted without any discussion about how it relates to the case. David has waived these issues due to inadequate briefing. Tex. R. App. P. 38.1.

## VI. Response to Issue 6

In Issue 6, Appellant claims that his constitutional rights were violated because of inadequate service of the 2009 application.

Appellant cites *Caldwell v. Barnes* to support this position that he need not show lack of negligence to be entitled to relief by bill of review. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). *Caldwell* does not support Appellant's position. Caldwell involved a complete lack of service. By contrast, David was served. He admits to having been served on September 4, 2009.

In *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 796 (Tex. 2006), the appellant was never served. Rather, he found out about the default judgment via a postcard. The bill of review was denied by the trial court and affirmed by the court of appeals. But the Supreme Court reversed the court of appeals, holding that "trial court had no jurisdiction either to enter judgment or to enforce it against a party who had neither been properly served nor appeared." *Ross*, 197 S.W.3d at 796-97. Unlike the appellant in Ross, David was served on September 4, 2009.

Appellant's reliance on Tex. Fam. Code § 84.004 is misplaced. That section, which extends the hearing date if a notice of application is served within 48 hours of the hearing, does not support David's argument for several reasons: (1) he was served more than 48 hours before the hearing; (2) the section puts the obligation on the respondent to the application to request the continuance. Tex. Fam. Code § 84.004(a). Moreover, the section clearly provides that the respondent is not entitled to additional process. Clearly, the legislature intended that respondents could be served within 48 hours and afforded respondents additional time to defend against allegations upon proper request. But a respondent is not entitled to additional process, so David would have had to actually show up at the hearing [[rather than getting on his motorcycle to go to New Orleans or wherever he went.] Section 84.004 affirms that service even within 48 hours is sufficient "service" and notice to apprise a respondent of the pendency of the action and an opportunity to present their objections.

Appellant asserts that the trial court had an obligation to ascertain whether or not he had been served prior to issuing a no-answer default. None of Appellant's authority supports his position that being served on a Friday means he cannot be held in default on at a hearing.

This point of error is not properly before this Court. The only issue in this appeal is whether the trial court properly denied David's petition for bill of review.

11

Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33.

## VII.    Response to Issue 7

Appellant's Issue 7 complains that the prosecution in the 2009 case violated his due process rights. This point of error is not properly before this Court because this is not a direct attack on the 2009 default judgment. The only issue in this appeal is whether the trial court properly denied David's petition for bill of review. Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33.

David claims Barbara's testimony was false and the ADA deliberately failed to tell the court all the information about the false allegations. David appears to rely on these allegations to show fraud on the part of Barbara and the ADA. The courts have held that the mere existence of false testimony will not meet the burden of making a prima facie case for bill of review. *In Re Attorney General*, 184 S.W.3d 925, 928-29 (Tex. App.—Beaumont 2006, orig. proceeding); *Nelson v. Chaney*, 193 S.W.3d 161, 167 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In *Nelson*, a mother lied about the identity of her child's father and that was held not to be extrinsic fraud, but rather intrinsic. *Id.* The First Court of Appeals in *Nelson* explained: "'intrinsic fraud' relates to matters that could have been litigated in the initial action, including fraudulent instruments and perjured testimony." *Id.* A bill

12

of review requires extrinsic fraud, which is defined as wrongful conduct outside the trial that prevents a losing party from fully litigating rights or defenses. *Temple v Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi—Edinburg 2005, no pet.). Nothing prevented David from litigating except David's own negligence of not showing up for the protective order trial.

Similarly, in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (Tex. 1950), the defendant was sued for damages when a mule caused an accident. Mr. Hegedorn, the defendant, could have proved the offending mule did not even belong to him. *Id.* at 997-98. Hagedorn filed a bill of review, and claimed that the plaintiff himself knew that he did not own the mule in question. *Id.* The Supreme Court of Texas denied the bill of review because Hagedorn could not prove that he was prevented from making his defense by any fraud or wrongful act by the plaintiffs.

David claims he only figured out the "long term consequences" of the protective order after he was charged with another violation, for which he was convicted. And therefore his due process rights of "future liberty and freedom" have been violated. But David was put on notice by the very nature of the 2009 protective order proceeding that he had an opportunity to defend himself against the allegations. Whether he bothered to figure out the consequences of the protective order or not is simply not relevant.

13

David had adequate legal remedies available after the 2009 default judgment but he failed to exhaust them prior to filing his bill of review. David could have filed a motion for new trial or a direct appeal of the 2009 protective order. His failure to do so precluded the relief he sought.

## VIII.    Response to Issue 8

Appellant's Issue 8 complains that there were defects in the return of service in the underlying 2009 protective order case. This point of error is not properly before this Court because this is not a direct attack on the default judgment. The *McGraw-Hill* case does not support Appellant's position because it involved a direct attack on a default judgment. *See McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The only issue in this appeal is whether the trial court properly denied David's petition for bill of review. The trial court found that David was not entitled to that relief in part because he did not make a direct attack on the bill of review. Moreover, Appellant did not raise this issue in the trial court and it is therefore waived. Tex. R. App. P. 33.

## IX.    Response to Issue 9

Appellant's Issue 9 argues that all actions taken by any court following the September 9, 2009 protective order are void. This is an appeal of the bill of review matter. Appellant provides no authority for his position that this Court can review the actions taken by other courts because of the 2009 protective order. The only

issue before this Court is whether the trial court properly denied David's petition for bill of review. If an appellant does not properly support an issue raised in the brief, the issue is waived. *Republic Underwriters Ins. v. Mex.-Tex., Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). This Court has already affirmed the 2012 protective order, denied the petition for writ of mandamus, and dismissed the writ of prohibition. Because Appellant has failed to show that the 2009 protective order is void, this multifarious issue should be overruled.

## X. <u>Response to Issue 10</u>

Appellant's Issue 10 purports to incorporate arguments from his petition for writ of mandamus (No. 01-14-00985-CV). This Court denied his petition on February 10, 2015. No motion for rehearing was filed. Appellant has waived review of these issues on appeal by failing to brief them. Tex. R. App. P. 38.1. Because the points for review have been overruled by denial of the petition for writ of mandamus, Appellee will not respond to them here. Should this Court wish to consider those points on appeal despite Appellant's failure to brief them, Appellee requests the opportunity to respond prior to a ruling. Tex. R. App. P. 38.9(b).

## XI. <u>Additional Issues</u>

Appellant states that the Court did not have plenary power when it granted appellate attorney's fees to him in this case. (See Appellant's Brief at p. xxi). This is incorrect. The intervention action filed by Diane St. Yves prevented the order

denying the bill of review from becoming a final order because it did not dispose of all issues in the suit. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Thus, when the trial court still had plenary power when it awarded appellate attorney's fees to Barbara on December 15, 2014.

## CONCLUSION

The trial court did not abuse its discretion by denying David Lancaster's bill of review. Barbara Lancaster respectfully requests that this Court overrule all points of error raised by David and affirm the judgment of the trial court.

## PRAYER

Barbara Lancaster, Appellee, respectfully prays that the Court will overrule all issues raised by Appellant and affirm the trial court's judgment.

Respectfully submitted,

/s/ Mary K. Quinn
LAW OFFICE OF MARY K. QUINN
**Mary K. Quinn**
State Bar No. 164363250
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 225-0094 | Fax: (713) 225-0099
maryquinn@maryquinnlaw.com

LAW OFFICE OF JANICE L. BERG
**Janice L. Berg**
State Bar No. 24064888
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax: (713) 225-0099
janice@janiceberglaw.com

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF WORD COUNT COMPLIANCE**

Pursuant to Rule 9.4, I hereby certify that the number of words in this document—exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, certificate of compliance and appendix is—**4,888.**

/s/ Mary K. Quinn
Mary K. Quinn

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing served on all counsel of record in accordance with the Texas Rules of Appellate Procedure on April 8, 2015.

<span style="padding-left: 40%;">*/s/ Mary K. Quinn*</span>
<span style="padding-left: 40%;">Mary K. Quinn</span>