

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00632-CV

The **STATE** of Texas,
Appellant

v.

Milton E. **TAYLOR**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 15148A
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  June 15, 2016

DISMISSED FOR LACK OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

        In the underlying trial court cause, Appellee Milton E. Taylor filed an original petition for

bill of review, requesting that a default judgment be set aside or vacated in a forfeiture proceeding.

After a hearing on the petition for bill of review, the trial court signed an order granting Taylor's

petition for bill of review. The State of Texas then filed a notice of appeal, stating that it intended

to appeal from the trial court's order granting Taylor's petition for bill of review.

**APPELLATE JURISDICTION**

We must first consider whether we have jurisdiction to hear this appeal of an order granting a petition for bill of review. In *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995), the Texas Supreme Court held that a trial court's order that granted a petition for bill of review but did not dispose of the case on the merits is interlocutory and not appealable. *See also Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 591 (Tex. App.—Fort Worth 2003, no pet.) ("A bill of review that sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable."). Thus, the supreme court held that the court of appeals lacked jurisdiction over the appeal. *Jordan*, 907 S.W.2d at 472.

In this case, the clerk's record reflects that the trial court granted Taylor's petition for bill of review, thus setting aside the default judgment in the forfeiture proceeding. However, nothing in the clerk's record reflects that a final determination regarding the forfeiture action has been made by the trial court. *See Retzlaff v. Mendieta-Morales*, No. 04-09-00582-CV, 2009 WL 4692681, at *1 (Tex. App.—San Antonio 2009, no pet.) (holding that the trial court's granting of summary judgment in a bill of review action was not a final, appealable judgment because the arguments brought in the summary judgment motion concerned "whether the bill of review should be granted and whether the prior judgment should be set aside," and "did not dispose of the case on the merits"). Because it appeared that the trial court's order is interlocutory and not appealable, we ordered the State to show cause why its appeal should not be dismissed for lack of jurisdiction.

In response to our order, the State points to article 44.01(a)(3) of the Texas Code of Criminal Procedure as authority for its right to appeal. Article 44.01(a)(3) provides that the State "is entitled to appeal an order of a court *in a criminal case* if the order: . . . (3) grants a new trial." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (West Supp. 2015) (emphasis added). The trial court's order in this case, however, is not *in a criminal case*, but instead relates to a civil forfeiture

proceeding brought pursuant to chapter 59 of the Texas Code of Criminal Procedure.

Forfeiture proceedings brought under chapter 59 are regarded as civil *in rem* proceedings. *Prear v. State*, 933 S.W.2d 643, 646 (Tex. App.—San Antonio 1996, no writ). Article 59.05 explicitly recognizes this fact when it states that "[a]ll parties must comply with the rules of pleadings *as required in civil suits*" and that "[a]ll cases under this chapter shall proceed to trial in the same manner *as in other civil cases*." TEX. CODE CRIM. PROC. ANN. art. 59.05(a), (b) (West 2006) (emphasis added). Based "on the plain language of chapter 59 and its civil procedural mechanisms," this court has concluded that the Texas Legislature "intended forfeitures under chapter 59 to be civil *in rem* proceedings." *Prear*, 933 S.W.2d at 647. The State cites no authority for the applicability of article 44.01 to a *civil* forfeiture proceeding brought under chapter 59. Because we conclude that we have no jurisdiction over this interlocutory appeal, we dismiss this appeal for lack of jurisdiction.

Alternatively, the State requests that if we determine we have no jurisdiction to hear this appeal, we treat its appeal as a mandamus proceeding. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011). For support, the State cites *In re Pollo Gordo, Inc.*, 373 S.W.3d 107 (Tex. App.—San Antonio 2012, orig. proceeding). In *Pollo Gordo*, this court explained that "mandamus relief is available when a trial court erroneously grants a bill of review." *Id.* at 109-10. Thus, if the trial court erroneously granted Taylor's petition for bill of review, mandamus relief would be available.

We review the trial court's ruling on Taylor's petition for bill of review for abuse of discretion. *See id.* at 110. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts, and a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). The main argument by the State is that the trial court

erroneously granted Taylor's petition for bill of review because Taylor "offered no evidence or testimony at that hearing" and "no stipulations of evidence were made or entered into by the parties." Thus, the State argues Taylor did not meet his burden and the trial court erred in granting him relief.

While it is true evidence was not formally introduced by Taylor at the bill of review hearing, the supreme court has explained that an attorney's statements at a hearing, in certain circumstances, may be considered evidence. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (explaining that although normally an attorney's statements must be under oath to be considered evidence, "the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary"). In reviewing the appellate record, we conclude that the principles enunciated by the supreme court in *Banda* apply and that the trial court did not abuse its discretion in granting Taylor's petition for bill of review.

We therefore deny the State's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Karen Angelini, Justice