

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00123-CV

———————————————

CULBERSON-STOWERS, INC.; RICHARD W. STOWERS JR.; AND CULBERSON RENTAL AND LEASING CO., INC., Appellants

V.

LEASE CORPORATION OF AMERICA, Appellee

---

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2020-004176-2

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

This is an appeal from an order granting Appellee Lease Corporation of America's (LCA) no-evidence summary-judgment motion and dismissing with prejudice the bill-of-review petition filed by Appellants Culberson-Stowers, Inc.; Richard W. Stowers Jr.; and Culberson Rental and Leasing Co., Inc. In their sole issue, Appellants argue that the trial court erred by granting LCA's no-evidence summary-judgment motion. Because Appellants did not meet their bill-of-review burden of showing that the judgment was not rendered as a result of their own fault or negligence, we affirm.

### II. Background

In the underlying suit, which Appellants seek to challenge by their bill-of-review petition, LCA filed its original petition, affidavit, and application in support of a writ of sequestration against Appellants, and after Appellants were served, they filed a motion to transfer venue and an original answer. Nine months after Appellants answered, LCA filed its traditional motion for summary judgment and later filed its notice of hearing on the summary-judgment motion. It is undisputed that Appellants' counsel received both the summary-judgment motion and the notice of hearing on the motion. Appellants did not file a response to the summary-judgment motion or a motion for continuance, and they did not appear at the hearing. The trial court granted LCA's summary-judgment motion on February 27, 2020.

2

Five months later, Appellants filed a bill-of-review petition. Appellants argued that they never received notice of the judgment and did not have actual knowledge of the judgment against them until a garnishment of one or more of their bank accounts occurred on or about June 25, 2020. LCA answered and three months later filed a traditional summary-judgment motion, which the trial court denied.

Shortly after the trial court denied LCA's traditional summary-judgment motion, Appellants filed a traditional motion for summary judgment.[1] Appellants admitted in their motion that their attorney had received a copy of LCA's traditional summary-judgment motion and notice of the hearing but that both the motion and the hearing notice had been mistakenly placed in Appellants' file at their attorney's office and thus had never been called to their attorney's attention.

One week later, LCA filed a no-evidence summary-judgment motion, arguing that there is no evidence to support each of the bill-of-review elements. Specifically, LCA argued that "[t]here is no evidence that the underlying judg[]ment was rendered in the absence of [Appellants'] own fault or negligence[;] in fact, [Appellants] judicially admit [that] they negligently failed to respond to the [m]otion or appear at the hearing thereon." Appellants then filed a first amended traditional motion for summary judgment, again asking the trial court to deny LCA's summary-judgment motion but

---

[1]Despite the timing of Appellants' summary-judgment motion—after the trial court had denied LCA's traditional summary-judgment motion—they pray that LCA's summary-judgment motion be denied and in the prayer of their motion for summary judgment do not request the trial court to grant their motion.

not requesting the trial court to grant their motion. LCA filed a response to Appellants' traditional summary-judgment motion and objections to Appellants' summary-judgment evidence. Eight days before the hearing on LCA's no-evidence summary-judgment motion, Appellants filed a second amended traditional motion for summary judgment, still praying for the trial court to deny LCA's summary-judgment motion but not requesting the trial court to grant their motion.

The trial court held a hearing on LCA's no-evidence summary-judgment motion[2] and granted the motion "[a]fter considering the [m]otion, the lack of any response, and the argument of counsel." The trial court also dismissed with prejudice Appellants' bill-of-review petition. The trial court signed a final judgment reflecting its decision. *See generally Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Appellants filed a motion for new trial, which the trial court denied. Appellants then perfected this appeal.

### III. No Evidence of the Third Bill-of-Review Element

In their sole issue, Appellants argue that the trial court erred by granting LCA's no-evidence summary-judgment motion. Because there is no evidence of at least one bill-of-review element, the trial court properly granted LCA's no-evidence summary-judgment motion.

---

[2]The record does not contain any notice setting any of Appellants' versions of their traditional summary-judgment motion for hearing.

4

**A.      The Standard of Review and the Law Applicable to Bills of Review**

When, as here, a bill of review is disposed of through summary judgment, we review the case de novo under the summary-judgment standard. *Mandel v. Lewisville Indep. Sch. Dist.*, 499 S.W.3d 65, 70 (Tex. App.—Fort Worth 2016, pet. denied). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). "Courts narrowly construe the grounds on which a plaintiff may obtain a bill

5

of review due to Texas's fundamental public policy favoring the finality of judgments." *Id.* Ordinarily, a bill-of-review plaintiff must plead and prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[ ] [was] prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on its own part." *Id.* A summary judgment will be granted against the bill-of-review petitioner if the summary-judgment movant can establish the absence of any of these three elements. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 311–12 (Tex. 1984).

**B.      The Law Regarding Giving Notice of Entry of a Judgment**

The Corpus Christi–Edinburg Court of Appeals has set forth the law governing a clerk's duty to give the parties notice of a judgment and how a failure to carry out that duty can become the basis of a bill-of-review proceeding:

> "When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record [electronically or] by first-class mail advising that the judgment or order was signed." Tex. R. Civ. P. 306a(3). A bill of review may be predicated on a party's lack of notice of a judgment. *See Petro-Chem*[.] *Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974); *Saint v. Bledsoe*, 416 S.W.3d 98, 106 (Tex. App.—Texarkana 2013, no pet.).

> Due process requires notice "at a meaningful time and in a meaningful manner" that would enable a party to be bound by a court's judgment to have an opportunity to be heard. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 . . . (1988); *accord Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). "[A] judgment entered without notice or service is constitutionally infirm." *Peralta*, 485 U.S. at 84; *see In re Guardianship of Jordan*, 348 S.W.3d 401, 405 (Tex. App.—Beaumont 2011, no pet.) ("The constitutional right to due process of law restricts the ability of a court to render a judgment binding a party without proper

6

notice."). However, situations in which a party has not been subjected to the jurisdiction of the court because there was no service are distinguished from a situation in which a party knew the case was pending and inadequately protected his or her rights. *Bledsoe*, 416 S.W.3d at 103.

*Montalvo v. Vela*, No. 13-14-00166-CV, 2016 WL 192063, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2016, no pet.) (mem. op.). "[W]hen a bill-of-review plaintiff claims a due[-]process violation for no service or notice, it is relieved of proving the first two elements set out above." *Mabon*, 369 S.W.3d at 812. But when a bill-of-review plaintiff relies on Rule 306a(3), it must still allege a meritorious defense and that the failure to present such a defense was not caused by any fault or negligence of its own. *Gard v. Douglas Ray Stracener Estate*, 631 S.W.3d 728, 733 (Tex. App.—Texarkana 2021, no pet.).

### C.     Analysis

Here, we go straight to the third element. Appellants' sole argument concerning this element is that they are "free of negligence in pursuing remedies in the underlying cause specifically because th[e] lack of notice [of the judgment] for[e]closed any opportunity to do so." Even if we take as true that Appellants did not receive notice of the underlying judgment, we cannot accept Appellants' argument that such official mistake makes them immune from proving up the third element. As explained above, a bill-of-review plaintiff relying on an official mistake under Rule 306a(3) still must prove the third element. *See id.* Appellants have failed to do this in their brief's one-sentence argument that is directed to the failure to receive notice of

the judgment and not the act that left them exposed to judgment in the underlying suit—the failure to respond to LCA's traditional motion for summary judgment. Appellants make no mention of this failing or argument that it should be excused.

Appellants also failed to meet this third element in the trial court. First, they failed to file a response to LCA's no-evidence motion for summary judgment that raised negligence of trial counsel in the underlying suit as a ground for summary judgment. Second, even if we broadly construe Appellants' summary-judgment motions as a response to LCA's no-evidence summary-judgment motion, Appellants' motions admit that their trial attorney was negligent: "[LCA] is claiming negligence by [Appellants] in that[] . . . [Appellants'] attorney received a copy of [LCA's] motion for summary judgment and a copy of the notice of the setting. That is true." Appellants then go on to use the *Craddock*[3] standard, which is applicable to no-answer default judgments,[4] to argue that "the failure to answer the motion for summary judgment was not intentional or the result of conscious indifference but was due to mistake or accident." An allegation of attorney negligence cannot suffice to support a bill of review; instead, the attorney's negligence will be imputed to his clients, making it impossible for them to succeed on the bill of review. *See In re Gypsum Mgmt. & Supply, Inc.*, No. 05-04-01545-CV, 2004 WL 2915284, at *2 (Tex. App.—Dallas Dec. 17,

---

[3]*See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

[4]*See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683–84, 686 (Tex. 2002) (op. on reh'g).

2004, orig. proceeding) (mem. op.) (first citing *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987); and then citing *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968)). The San Antonio Court of Appeals has illustrated this concept as follows:

> In [real party in interest's] bill of review, she asserted [that] she [had] failed to respond to the [discovery requests and summary-judgment motion] due to accident and/or official mistake. Specifically, she relied on the affidavit of her former attorney . . . , to the extent that he acknowledged that he had neglected the lawsuit. However, "allegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review." [*King*, 118 S.W.3d at 751] (citing *Transworld*, 722 S.W.2d at 408) . . . . Therefore, a bill of review in which a petition alleges that the wrongful act of their attorney caused an adverse judgment is not excused from the necessity of pleading and proving their opponent's extrinsic fraud. *King*, 118 S.W.3d at 751 (citing *Transworld*, 722 S.W.2d at 408).

*In re Pollo Gordo, Inc.*, 373 S.W.3d 107, 110 (Tex. App.—San Antonio 2012, orig. proceeding). Here, Appellants, while admitting that their trial counsel was negligent, failed to prove any extrinsic fraud on the part of LCA.

Applying the applicable standard of review, we hold that there is no evidence of the third element that Appellants were required to prove for their bill-of-review proceeding and that the trial court's granting of LCA's no-evidence summary-judgment motion was proper. *See Gard*, 631 S.W.3d at 734 (holding that because appellants had knowledge of the trial setting but failed to appear, the trial court did not abuse its discretion by finding that appellants did not meet the third element required to sustain a bill of review); *Amaya v. Bissell HomeCare, Inc.*, No. 13-18-00086-CV, 2020 WL 4382020, at *10 (Tex. App.—Corpus Christi–Edinburg July 30, 2020,

no pet.) (mem. op.) (holding that even if it could be construed that appellant met the first two steps, he "did not present evidence, argument, or authority that his failure to raise the defense was unmixed with any fault or negligence on his own part"). We overrule Appellants' sole issue.[5]

## IV.  Conclusion

Having overruled Appellants' sole issue, we affirm the trial court's final judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  November 16, 2023

---

[5]In their reply brief, Appellants object to the supplemental clerk's record, which LCA requested and which contains documents from the underlying case that prompted Appellants' bill-of-review petition; Appellants' objection to the supplemental clerk's record is moot because we did not consider the items from that record in disposing of the appeal.  *See* Tex. R. App. P. 47.1.